## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :

CHRISTOPHER LOADHOLT, on behalf of     :       Civil Action Number:
himself and all others similarly situated,     :
                              :

        Plaintiff,           :     <u>**CLASS ACTION COMPLAINT**</u>
                              :           <u>**AND**</u>
            v.           :     <u>**DEMAND FOR JURY TRIAL**</u>
                              :

MOUNTAIN WOODCARVERS, INC.,       :
                              :

        Defendant.        :
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, CHRISTOPHER LOADHOLT (hereinafter, "Plaintiff"), a New York resident, brings this class complaint by and through the undersigned attorneys against Defendant MOUNTAIN WOODCARVERS, INC. (hereinafter "Defendant"), for its violations of the Americans with Disabilities Act ("ADA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.    Congress enacted the ADA as a way of banning discrimination based on disability. The ADA guarantees that people with disabilities, such as the Plaintiff, have the same opportunities as everyone else to participate in the mainstream of American life.

2.      Case law is clear that those opportunities include access to web content, by requiring business websites to include screen readers and other assistive technologies to ensure consumers with disabilities have the same access as everyone else.

3.      The ADA contemplates injunctive relief when the ADA is violated:

> In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . .

42 U.S.C. § 12188(a)(2).

## <u>NATURE OF THE ACTION</u>

4.      Plaintiff brings this civil rights action, individually and on behalf of those similarly situated, seeking redress for Defendant's actions which violate the ADA.

5.      Plaintiff, like approximately 2.0 million other people in the United States, is visually impaired and legally blind, in that he has visual acuity with correction of less than or equal to 20 x 200.

6.      Upon visiting Defendant's website, www.mountainwoodcarvers.com (hereinafter referred to as "Website"), Plaintiff quickly became aware of Defendant's failure to maintain and operate its website in a way to make it fully accessible for himself and for other blind or visually-impaired people.

7.      The Internet has become a significant source of information, if not the most significant source, for conducting all types of necessary activities, such as banking and shopping.

8.      This is equally true for people with disabilities and those without disabilities.

9.      Fortunately, technology known as screen-reading software provides the blind and visually-impaired the ability to fully access websites, and the information, products, goods and contained thereon.

10.     However, for screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind or visually impaired user is unable to access the same content available to sighted users.

11.     The international website standards organization known throughout the world as W3C, has published guidelines that should be followed to ensure website accessibility. The most recent version, version 2.1, is referred to as the Web Content Accessibility Guidelines ("WCAG 2.1").

12.     Defendant's denial of full and equal access to its website, and therefore denial of its goods and services offered thereby, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

13.     Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually impaired consumers.

## JURISDICTION AND VENUE

14.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq*., and 28 U.S.C. § 1332. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2).

16.   This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## PARTIES

17.   Plaintiff CHRISTOPHER LOADHOLT, at all relevant times, is and was a resident of the Bronx, New York.

18.   Plaintiff is a blind, visually impaired handicapped person and a member of member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR § 36.101 *et seq*., and NYCHRL.

19.   Defendant is and was at all relevant times a Colorado company doing business in New York.

20.   Defendant is an online retail company that owns and operates the website, www.mountainwoodcarvers.com (its "Website"), offering features which should allow all consumers to access the goods and services which Defendant ensures the delivery of throughout the United States, including New York State.

21.   Defendant's Website, and its goods and services offered thereupon, is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

22.   Upon information and belief, Defendant's principal office is located at 31054 Middle Broadview Road, Estes Park, Colorado 80517..

## ALLEGATIONS OF FACTS

23.   On or around July 16, 2022 through July 25, 2022, Plaintiff visited the Website, using a popular screen reading software called NonVisual Desktop Access, with the intent of browsing and potentially making a purchase.

24.     Despite his efforts, however, Plaintiff, a visually impaired or blind person, was denied access similar to that of a sighted individual due to the website's lack of a variety of features and accommodations, which effectively barred Plaintiff from being able to enjoy the privileges and benefits of Defendant's public accommodation.

25.     As a result of visiting the Website, Plaintiff is aware that the Website includes multiple barriers making it impossible for himself, and any other visually impaired or blind person, from enjoying access to the Website's content equally to that of a sighted user.

26.     For example, many features on the Website fail to accurately describe the contents of graphical images, fail to properly label title, fails to distinguish one page from another, contain multiple broken links, contain headings that do not describe the topic or purpose, and the keyboard user interfaces lack a mode of operation where the keyboard focus indicator is visible.

27.     These access barriers effectively denied Plaintiff the ability to use and enjoy Defendant's website the same way sighted individuals do.

28.     Upon information and belief, Defendant has not, and has never, had adequate policies and procedures in place to ensure the Website is and will remain accessible to the blind and/or visually impaired.

29.     Due to Defendant's failure and refusal to remove access barriers to its website, Plaintiff and visually impaired persons, who need screen-readers to access websites, have been and are still being denied equal access to Defendant's Website,

and the numerous goods and services and benefits offered to the public through the Website.

30.     The access barriers Plaintiff encountered have caused a denial of Plaintiff's full and equal access in the past and have caused the Plaintiff real harm.

31.     If the Website were equally accessible to all, and if simple compliance with the WCAG 2.1 guidelines were met, Plaintiff could independently navigate the Website and complete a desired transaction as sighted individuals do.

32.     Because of this, Plaintiff alleges that Defendant has engaged in acts of intentional discrimination, including maintaining a website that is inaccessible to members of a protected class.

33.     Due to Defendant's violations of the ADA, and the harm it has caused, Plaintiff seeks damages, fees, costs, and injunctive relief.

34.     Without injunctive relief, Plaintiff and other visually impaired consumers will continue to be unable to independently use the Website, violating their rights.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access Defendant's Website and as a result have been denied access to the equal enjoyment of goods and services, during the relevant statutory period.

36.     Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a New York City subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the City of New York who have attempted to access Defendant's

Website and as a result have been denied access to the equal enjoyment of goods and services offered, during the relevant statutory period.

37.     Common questions of law and fact exist amongst Class, including:

        a.     Whether Defendant's Website is a "public accommodation" under the ADA;

        b.     Whether Defendant's Website is a "place or provider of public accommodation" under the NYCHRL;

        c.     Whether Defendant's Website denies the full and equal enjoyment of its products, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the ADA; and

        d.     Whether Defendant's Website denies the full and equal enjoyment of its products, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the NYCHRL.

38.     Plaintiff's claims are typical of the Class. The Class, similarly, to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Defendant has violated the ADA or NYCHRL by failing to update or remove access barriers on its Website so either can be independently accessible to the Class.

39.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the Class Members. Class certification of the claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused

to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

40. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because fact and legal questions common to Class Members predominate over questions affecting only individual Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

41. Judicial economy will be served by maintaining this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.*

42. Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

43. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

44. Defendant's Website is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). The Website is a service that is offered to the general public, and as such, must be equally accessible to all potential consumers.

45. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from

the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

46. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

47. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

48. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled

persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

49.     Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NYCHRL

50.     Plaintiff, on behalf of himself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

51.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of . . . disability . . . directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

52.     Defendant's Website is a sales establishment and public accommodations within the definition of N.Y.C. Admin. Code § 8-102(9).

53.     Defendant is subject to NYCHRL because it owns and operates its website, making it a person within the meaning of N.Y.C. Admin. Code § 8-102(1).

54.     Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Website, causing its website and the services integrated with such Website to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

55.     Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

56.     Defendant's actions constitute willful intentional discrimination against the Sub-Class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant has:

    a.      constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

    b.      constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

    c.      failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

57.     Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

58.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of its website under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins

Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

59. Defendant's actions were and are in violation of the NYCHRL and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

60. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

61. Plaintiff is also entitled to reasonable attorneys' fees and costs.

62. Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION**
**DECLARATORY RELIEF**

63. Plaintiff, on behalf of himself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

64. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that its Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of its Website, which Defendant owns, operations and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.* prohibiting discrimination against the blind.

65.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

a.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq*., and the laws of New York;

b.    A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c.    A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq*., and the laws of New York

d.    An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

e.    Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of their civil rights under New York City Human Rights Law and City Law;

f.    Pre- and post-judgment interest;

g.      An award of costs and expenses of this action together with

reasonable attorneys' and expert fees; and

h.      Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions

of fact the Complaint raises.

Dated:      Asbury Park, New Jersey
            September 22, 2022


                                        MARCUS & ZELMAN, LLC

                                        By: */s/ Yitzchak Zelman, Esq.*
                                        Yitzchak Zelman, Esq.
                                        Yzelman@MarcusZelman.com
                                        701 Cookman Avenue, Suite 300
                                        Asbury Park, New Jersey 07712
                                        Tel: (732) 695-3282
                                        Fax: (732) 298-6256

                                        ATTORNEYS FOR PLAINTIFF