

**STEIN & NIEPORENT LLP**
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444 Main
(212) 836-9595 Fax
www.steinllp.com

David Stein: DSTEIN@STEINLLP.COM
(admitted in NY, NJ, PA, DC, IL)

David Nieporent: DNIEPORENT@STEINLLP.COM
(admitted in NY, NJ)

October 19, 2022

**VIA ECF**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

> Re:   **Loadholt v. Mountain Woodcarvers, Inc.**
>        *Case No. 22-cv-8119 (KPF) (RWL)*

Dear Judge Failla:

We represent defendant Mountain Woodcarvers, Inc. in the above-referenced matter, and we submit this letter pursuant to paragraph 4.A of Your Honor's Individual Practices to request a pre-motion conference in this case for the purpose of making a motion to dismiss.  Defendant seeks to move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (This motion is not on consent.)

This is a case brought under the Americans with Disabilities Act about a purportedly inaccessible website; the arguments in this letter will thus sound familiar, because this case (although involving different plaintiff's counsel) presents similar issues to ones we have raised with the Court in pre-motion letters before.  We will nevertheless set out our arguments in full for the benefit of the Court and plaintiff's counsel:

As noted above, this case was brought under the Americans with Disabilities Act (and parallel New York City law), and represents just one of hundreds of cookie-cutter website accessibility lawsuits filed each month by a handful of plaintiffs/plaintiffs' attorneys in this district.  It alleges that defendant violated the ADA in that its website was in some way not accessible to plaintiff, who is purportedly blind or visually impaired. Like all of these lawsuits, the complaint in the instant case is conclusory, containing almost no specific allegations about the defendant or its website, and is so boilerplate that it — like every other such lawsuit filed by this plaintiff's counsel, regardless of who they use as their plaintiff — contains generic phrases such as "Plaintiff visited the website ... with the intent of browsing and potentially making a purchase."

As an initial matter, plaintiff lacks standing to bring the ADA claims asserted. In order to establish Article III standing, a plaintiff must sufficiently plead: "(l) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the

Hon. Katherine P. Failla, U.S.D.J.
October 19, 2022
Page 2 of 3

defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.S. 167, 180-81 (2000). But plaintiff has failed to do so here. He has neither adequately pleaded a concrete and particularized injury — failing to plead why he was visiting the website or how issues with the website prevented him from completing a transaction at the website — nor that any such injury would be redressable by a favorable decision. (Because the ADA provides only for injunctive relief, plaintiff must establish that he would be injured in the future by the alleged problems with the website. But he pleads nothing to suggest that this would happen.)

Even if the bare bones complaint were sufficient to establish *standing*, though, plaintiff's complaint should be dismissed because it fails to satisfy the pleading standards set by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Those cases establish that under Fed. R. Civ. P. 8, plaintiffs must plead facts sufficient to nudge their case from possible to plausible. Simply reciting the elements of a cause of action are not enough. And yet, that is essentially what plaintiff has done here. Further, he asks for compensatory damages without ever even pleading that he has actually been damaged; he asks for statutory damages that do not exist under the applicable statutes; and he asks for "civil penalties and fines" for which there is no private right of action, and he seeks punitive damages without pleading any facts to support that request.

Moreover, defendant contends that plaintiff's complaint fails to state a claim upon which relief can be granted because the website in question is not a place of public accommodation covered by Title III of the Americans with Disabilities Act. Specifically, it is a standalone website that lacks any connection to a public facing brick and mortar business. Numerous courts — including five circuit courts of appeal — have held that Title III of the ADA, pursuant to which this lawsuit has been brought, does not cover such intangible businesses, but only physical places of public accommodation.

Plaintiff will *attempt* to portray this as a settled legal question, and therefore argue that defendant's motion is moot or a waste of the Court's time. There is no controlling law in the Second Circuit as to that argument, and the district court judges in this circuit are split on the issue. The majority of circuit courts of appeal to have considered the issue have found that the ADA only applies to physical businesses. While a strict counting of district court decisions in this circuit would come out in plaintiff's favor, defendant believes that the most comprehensive analysis of the actual statutory text, decided just last year, was *Winegard v. Newsday LLC*, 556 F. Supp. 3d 173 (E.D.N.Y. 2021). In addition, two other cases handed down last year, *Suris v. Gannett Co.*, 2021 WL 2953218 (E.D.N.Y. July 14, 2021) and *Martinez v. MyLife.com, Inc.*, 2021 WL 5052745 (E.D.N.Y. Nov. 1, 2021) agreed with the *Winegard* analysis.

Most of the cases upon which plaintiff is likely to rely are either dicta (because they did not address standalone websites as opposed to websites connected to physical brick and mortar businesses), or fail to grapple with the *Newsday* analysis (in large part because most

Hon. Katherine P. Failla, U.S.D.J.
October 19, 2022
Page 3 of 3

predate *Newsday*), instead relying on policy arguments rather than statutory analysis.  Your Honor did have occasion to address this issue relatively recently, in an oral decision in *Paguada v. Athena Energy*, 21-cv-1245-KPF (S.D.N.Y. Feb 22, 2022) but did not have the benefit of briefing relating to the above cases at the time Your Honor ruled, and defendant respectfully suggests that Judge Komitee's decision in *Newsday* may be persuasive. Defendant's proposed motion presents this court with an opportunity to take a fresh look at the statute's text.

Additionally, the same standing and pleading analysis described above applies under New York City law, and thus plaintiff's claims should be dismissed on that basis; even if the analysis did not, defendant would argue in the alternative that the court should not accept supplemental jurisdiction over that claim if it dismissed plaintiff's federal claims. Indeed, because plaintiff's claims under the ADA are purely for injunctive relief, the New York City law claims, which allow for damages, are likely to predominate over federal claims.

We thank the Court for its attention to this matter. We are available at Your Honor's convenience if the Court has any questions, and we look forward to fully briefing these issues for the Court's consideration.

Respectfully submitted,

David Stein

cc:  Yitzchak Zelman, Esq. (via ECF)